PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 95-4061

_____

D. C. Docket No. 94-676-CIV-EBD

LAWTON M. CHILES, JR., Governor of the State
of Florida; STATE OF FLORIDA; DADE COUNTY
PUBLIC HEALTH TRUST, an agency and
instrumentality of Dade County, a political
subdivision of the State of Florida, THE
SCHOOL BOARD OF DADE COUNTY, FLORIDA,

                                        Plaintiffs-Appellants,

          versus

UNITED STATES OF AMERICA; DORIS MEISSNER,
Commissioner of the Immigration and
Naturalization Service of the Department of
Justice; JANET RENO, Attorney General of the
United States; JENNIFER NELSON, Acting
Regional Administrator of the Southern
Regional Office of the INS of the Department
of Justice; WALTER D. CADMAN, District
Director of the Miami District Office of the
INS of the Department of Justice; DONNA E.
SHALALA, Secretary of the United States
Department of Health & Human Services,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 8, 1995)

Before EDMONDSON and DUBINA, Circuit Judges, and CUDAHY*, Senior
Circuit Judge.

_____

*     Honorable Richard D. Cudahy, Senior U.S. Circuit Judge for the
Seventh Circuit, sitting by designation.

EDMONDSON, Circuit Judge:

In this expedited appeal, Florida alleges it is injured by the United States' failure to enforce the immigration laws. The State asserts claims under both the Administrative Procedure Act and the United States Constitution.  Florida asks for equitable restitution of its unreimbursed expenses or for declaratory relief and an injunction requiring the United States to fulfill its statutory and constitutional duties. The district court dismissed all counts, concluding the claims presented nonjusticiable political questions. For the reasons as set forth in the district court's order[1] and for the reasons set out below, we AFFIRM.

## Count II

In Count II,[2] Florida sues the Attorney General under the APA for her failure to perform the duties imposed by the immigration laws. See 8 U.S.C. 1103(a); 1251(a).  The district court dismissed this claim as a political question.  We conclude that, to the extent Florida asks this court to construe the statutory

---

[1] See Chiles v. United States, 874 F. Supp. 1334 (S.D. Fla. 1994).

[2] Count I is moot.

responsibilities of the Attorney General, the claim is justiciable. See Japan Whaling Ass'n v. American Cetacean Soc., 106 S.Ct. 2860, 2866 (1986).

## A. Standing

The Attorney General asserts Florida lacks standing to raise this claim.[3]  On the redressibility component of standing, we recognize that the level of illegal immigration is dependent on many factors outside the control of the Attorney General. See Simon v. Eastern Kentucky Welfare Rights Org., 96 S.Ct. 1917, 1926 (1976).  But, because an order against the named defendants would offer some relief to Florida, we suppose that the State does have standing to raise this claim.

## B. The Statutes

Assuming justiciability and standing, we -- for much the same reasons as are expressed in the district court's order[4] -- conclude that the district court properly dismissed this count. The overall statutory scheme established for immigration demonstrates that Congress intended whether the Attorney General is adequately guarding the borders of the United States to be "committed to agency discretion by law" and, thus, unreviewable. See 5 U.S.C. §

---

[3] The district court did not address this argument.

[4] While the district court dismissed this count as nonjusticiable, it did discuss whether Congress intended judicial review under Section 1103(a). Chiles, 874 F. Supp. at 1339-41.

3

701(a); <u>cf.</u> <u>Heckler v. Chaney</u>, 105 S.Ct. 1649, 1659 (1985).[5] And, Section 1251(a) expressly gives the Attorney General discretion whether to deport a particular alien.

## Count III

Count III alleges that the Federal Medicaid and AFDC reimbursement programs unconstitutionally discriminate against the state in violation of the Spending Clause (Art. I, §8) and "other constitutional provisions guaranteeing equality among the states." While initial spending decisions are exclusively the domain of Congress,[6] if a specific constitutional limit is exceeded judicial review is possible, even if the case involves foreign policy. <u>Cf. INS v. Chada</u>, 103 S.Ct. 2764 (1983). But, because no specific constitutional limit on the spending power has been exceeded by the reimbursement policies of AFDC and Medicaid, we conclude this count was properly dismissed. <u>See</u> <u>Buckley v. Valeo</u>, 96 S.Ct. 612, 668 (1976); <u>South Carolina v. Katzenbach</u>, 86 S.Ct. 803, 816 (1966) (states not protected by Fifth Amendment's equal protection guarantee). Florida must seek relief in Congress. <u>Cf.</u> <u>Garcia v. San Antonio Metro. Transit Auth.</u>, 105 S.Ct. 1005, 1017-18 (1985).

---

[5] The part of the statute relied on by Florida would not justify even an allegation of complete abdication of statutory duties to go to trial. <u>Cf.</u> <u>Heckler</u>, 105 S.Ct. at 1656 n. 4.

[6] Because of this circumstance, the district court concluded that this claim was nonjusticiable. <u>Chiles</u>, 874 F. Supp. at 1342.

## Count IV

Count IV alleges the United States violates the Guarantee and Invasion Clause (Art. IV, §4) and the Tenth Amendment by forcing Florida to provide unreimbursed benefits to illegal immigrants. For much the same reasons expressed in the order of the district court, we conclude that whether the level of illegal immigration is an "invasion" of Florida and whether this level violates the guarantee of a republican form of government present nonjusticiable political questions. See generally Baker v. Carr, 82 S.Ct. 691 (1962). And, we agree that Florida's provision of benefits to illegal aliens is not the product of federal coercion of the kind which violates the Tenth Amendment. Compare New York v. United States, 112 S.Ct. 2408, 2427-29 (1992) with Plyler v. Doe, 102 S.Ct. 2382 (1982); and Dep't of Health & Rehabilitative Services v. Solis, 580 So.2d 146 (Fla. 1991).

## Conclusion

We recognize that the difficulty in fashioning a remedy for an alleged wrong can result in a case being nonjusticiable. See Powell v. McCormack, 89 S.Ct. 1944, 1961 (1969). Because we conclude that Florida fails to state a claim upon which relief can be granted by a court, we do not reach this issue. The order of the district court is AFFIRMED.

5